Rene L. Valladares
Federal Public Defender
Nevada State Bar No. 11479
*Alicia R. Intriago
Assistant Federal Public Defender
California State Bar No. 320102
411 E. Bonneville Ave., Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
Alicia_Intriago@fd.org

*Attorney for Petitioner Mary Pitrello

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Mary Pitrello,<br><br>    Petitioner,<br><br>    v.<br><br>William Reubart, Warden of Florence McLure Women's Correctional Center; James Dzurenda, Director of Nevada Department of Corrections, et al.,[1]<br><br>    Respondents. | Case No. 2:22-cv-00835-APG-EJY<br><br>**First Amended § 2254 Petition** |

---

[1] Petitioner asks that the Clerk of the Court replace Respondent G. Najera with Warden William Reubart, Warden of Florence McLure Women's Correctional Center, and James Dzurenda, Director of the Nevada Department of Corrections.

# PROCEDURAL HISTORY

## A.   State Trial Court Proceedings

On September 16, 2013, the State filed a criminal complaint in Las Vegas Justice Court against Petitioner Mary Pitrello, charging her with open murder with the use of a deadly weapon (Count 1) and discharging a firearm into a structure (Count 2), stemming from the shooting and death of Oliver Doppert on September 12, 2013 at an apartment in Las Vegas. 9/16/2013 Criminal Complaint.

On September 17, 2013, Pitrello was arraigned in Las Vegas Justice Court and represented by Clark County Public Defender Ed Kane. 9/17/2013 Justice Court Minutes.

A preliminary hearing occurred on November 14, 2013. 11/14/2013 Tr. Pitrello was bound over and on November 20, 2013, she was charged with murder with use of a deadly weapon (open and second degree), discharge of firearm into structure, assault with a deadly weapon of a victim over 60, and robbery with use of deadly weapon. 11/20/2013 Information. Pitrello was arraigned in the Eighth Judicial District Court on November 21, 2013. 11/21/2013 District Court Minutes.

Ed Kane and Christy Craig of the Clark County Public Defender continued the trial date on August 12, 2014, and May 26, 2015. 8/12/2014 & 5/26/2915 District Court Minutes.

On December 22, 2015, Kane asked to continue the trial again but noted that the State had made an oral offer to Pitrello. 12/22/2015 District Court Minutes.

On December 29, 2015, Kane advise the court that Pitrello had started a new medication that "will take about 3 weeks to stabilize her." 12/29/2015 District Court Minutes. The court continued the trial date to April 2016. *Id.*

On January 26, 2016, Pitrello entered a plea of guilty but mentally ill to first degree murder with a stipulated sentence of life with parole eligibility after 20 years. 1/26/2016 District Court Minutes.

On March 24, 2016, Pitrello submitted a psychological evaluation for Shera Bradley, Ph.D., a MRI report, and a psychiatric forensic evaluation in support of her guilty but mentally ill plea. 3/24/2016 Defendant's Submission in Support of Finding of Guilty but Mentally Ill. Judgment of Conviction was entered on April 4, 2017. 4/04/2017 Judgment of Conviction. An amended judgment of conviction entered on April 7, 2016, to include the necessary language under the relevant state law for a guilty but mentally ill plea. 4/07/2016 Amended Judgment of Conviction.

On or About December 1, 2017, the state court filed two motions: a pro per motion to withdraw counsel and a pro per Motion for Production of Documents, Papers, Pleadings and Tangible Property of Defendant. 12/01/2017 Pro Per Motion to Withdraw Counsel[2]; 12/01/2017 Pro Per Notice of Motion. In the motion to withdraw counsel, Pitrello alleged that Kane had rendered ineffective assistance and asked for the appointment of new counsel:

> From the beginning (Sept. 13, 2013) I felt there was a lack of communication and multiple phone calls throughout the 2 ½ years at county were neglected. I have also made requests that certain of my case be investigated, which could help greatly with my defense. And I was denied. I feel a general lack of any defense was made at all by my lawyer, Ed Kane. He felt to me as if he was actually prosecuting me instead of defending me. Around December 2015 he proposed a plea bargain of 20-life to me and I said "no." He then showed up twice more to propose the same plea and I said "no" twice more. I then asked to fire him and he said that I "could not choose my counsel." I felt his behavior and refusal to accept "no" for an answer was coercive and abusive. Under extreme emotional turmoil, I relented and signed the plea for 20-life that Mr. Kane intimated was in

---

[2] Attached to Pitrello's pro per motion for documents is a letter from Ed Kane dated May 9, 2017, stating that Pitrello had to file a motion to "discharge the public defender as counsel" before he would turn over her case file to her. *See id.* at 8. The Federal Public Defender calculated that May 9, 2017, was the last day that Ms. Pitrello could timely file a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1)(A).

3

> my best interest. At the time I was also on psych medication for depression at my sentencing, when his Honor asked if Mr. Kane had gone over my psi with me, he had not. But Mr. Kane advised me to say everything was ok. When in fact my PSI contains several errors. Mr. Kane also I "have a disease that causes me to make poor choices" which I feel he exploited to convince me to sign a plea bargain which I had adamantly refused on three separate occasions before as excessive. I feel his counsel to be ineffective and request the chance to have a new lawyer that will hopefully be on my side rather than against me. In April 2017, I requested my case file and investigate record and he refused claiming that I would have to fire him to get it, hindering my due process.

12/01/2017 Motion to Withdraw Counsel (dated November 20, 2017) at 3-4. A hearing was held on December 26, 2017, without the presence of Pitrello. 12/26/2017 District Court Minutes.

On January 3, 2018, the court granted the motions but did not address Pitrello's request for new counsel to address trial counsel's alleged ineffectiveness. January 03, 2018 Order Granting Defendant's Pro Per Motion to Withdraw Counsel and Defendant's Pro Per Motion for Production of Documents, Paper, Pleadings and Tangible Property of Defendant.

On April 3, 2018, the district court received a letter from Pitrello stating that Kane had yet to comply with the court's order. 4/03/2018 Letter to Clerk.

On January 7, 2019, Kane filed a certificate of mailing, stating that he mailed Pitrello's case materials to her at Florence McClure Women's Correctional Center. 1/07/2019 Certificate of Mailing. Attached to this certificate is a letter dated January 7, 2019, from Kane to Pitrello stating the following:

> I was recently contacted by Glen Meek [who] informed me that he had been hired by a family member to assist you in post-conviction matters. He asked for a copy of your file, and I told him I needed a release from you. On January 2, 2019, I met with Mr. Meek at my office. He furnished me with two releases, and a blank thumb drive. I copied to that

>>thumb drive all of the files I had scanned into my computer in the course of your case.

*Id.* at 6 (cleaned up). In short, neither a court order or letters from Pitrello herself compelled her attorney to hand over her case materials; instead it took an investigator literally showing up at Kane's office with a thumb drive in hand to obtain her case file, well after the statute of limitations for filing a state and federal habeas petition had elapsed.

### B. State Post-Conviction Proceedings

On July 1, 2020, Terrance Jackson filed a notice of appearance. 7/01/2020 Substitution of Attorney. On August 24, 2020, he filed a brief entitled "Supplemental Points and Authorities in support of Writ of Habeas Corpus for Post Conviction Relief." The brief included the following claims:

I. Defense counsel was ineffective pre-plea under *Strickland* because he failed to do necessary investigation and preparation pretrial. The Defendant's guilty plea was therefore invalid;
   a. Defense counsel did not consult and retain necessary defense experts who could have materially aided the defense;
   b. Defense counsel should have more fully investigated the possible defense of gross intoxication by hiring a necessary expert witness to support it;

II. Defense counsel spent insufficient time with the Defendant pre-plea so that Defendant did not fully understand all of her options pre-plea and her plea was therefore invalid;

III. The conclusionary affirmations made by Defendant at the plea hearing to leading questions in the plea canvas did not establish Defendant's plea was made knowingly, voluntarily and intelligently;

5

IV. Defense counsel was ineffective for failing to file a Motion to Suppress Defendant's involuntary admissions;

V. The accumulation of errors requires reversal of the conviction;

VI. Defendant's post-conviction petition for writ of habeas corpus should not be procedurally barred;

    a. Defendant can demonstrate good cause and prejudice for any delay;

    b. Applying procedural bars to prohibits the habeas petition in this case would result in a fundamental miscarriage of justice.

8/24/2020 Supplement at 1-2. Pitrello, through counsel, argued that she could overcome the procedural bars by showing actual innocence—i.e., she had acted in self-defense or "had substantial mental impairments which affected her ability to form the necessary criminal intent for first degree murder"—and by showing the existence of "various impediments she experienced while incarcerated," requesting an evidentiary hearing.[3] *Id.* at 4.

On March 30, 2021, Pitrello through counsel filed a motion entitled "Motion for Dismissal for Violation of Defendant's Right to Due Process and/or For Own Recognizance Release Pending Hearing on Post Conviction Relief." 3/30/2021 Motion. That motion asked that the court grant Pitrello's writ and dismiss the charges against her because of the "inexcusable seven (7) month delay" in the State responding to the

---

[3] Pitrello, through counsel, did not allege any specific facts to support her claim that an impediment external to her, like attorney abandonment, caused her petition to be untimely despite the fact the record showed her trial attorney held her case materials hostage for almost two years. *See, e.g., Dow v. State*, 135 Nev. 637, 2019 WL 2454077, at *1 (Nev. Ct. App. June 11, 2019) (ordering the district court to conduct an evidentiary hearing to assess whether the petitioner's claim of attorney abandonment was true such that it could amount to good cause) (citing *Maples v. Thomas,* 565 U.S. 266, 282-83 (2012)). To be granted an evidentiary hearing on cause and prejudice, a petitioner must present specific allegations that are not belied by the record and, if true, would warrant relief. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (Nev. 1984).

6

petition. *Id.* at 1. On April 13, 2021, a hearing was held on this motion. 4/13/2021 District Court Minutes; 4/13/2021 Tr.

On April 29, 2021, the court denied the motion to dismiss the charges and noted that counsel for Pitrello had erroneously filed a supplement when not petition had ever been filed. *See* 4/29/2021 Order Denying Defendant's Motion at 2.

On May 19, 2021, counsel for Pitrello refiled the supplement restyled as a petition. 5/19/2021 Petition. The State filed its response on June 14, 2021, arguing that the petition was untimely and Pitrello had failed to establish good cause to overcome the procedural default of the claims in the petition. 6/14/2021 State's Response at 3-5. The State also argued that Pitrello could not show "factual innocence" to overcome the untimeliness of the petition because "[a] claim of self-defense is not a credible claim of factual innocence." *Id.* at 5.

A hearing was held on July 6, 2021, where Judge Michelle Leavitt orally denied the petition as untimely and stated that Pitrello had "failed to show good cause and a lack of legal sophistication is not an impediment external to the defense." 7/06/2021 Tr. at 3. On July 13, 2021, the State submitted a draft Order and on July 15, 2021, the court entered its Notice of Entry of Findings of Fact, Conclusions of Law and Order. 7/13/2013 findings of Fact and Conclusions of Law; 7/15/2013 Notice of Entry.

Pitrello field a noticed of appeal on July 26, 2021. 7/26/2021 Notice of Appeal. In her Opening Brief, she presented the following issues:

I. The district court erred in denying Defendant's post-conviction petition on procedural grounds
   a. Defendant can demonstrate good cause and prejudice for any delay
   b. Applying procedural bars to prohibit the habeas petition in this case would result in a fundamental miscarriage of justice
II. Defendant's guilty plea was invalid because it was the produce of ineffective assistance of counsel

      a. Defense counsel was ineffective in establishing self defense or a battered woman's defense

      b. Defense counsel was ineffective for not investigating and preparing other viable defenses including lack of intent based upon mental insufficiency or voluntary alcohol intoxication

III. Defense counsel did not spend adequate time with defendant so she could develop a full understanding of possible defenses and of her rights before she pled guilty

IV. The mere conclusionary allegations by the defendant at the plea hearing did not establish the plea was voluntary or intelligently made

V. The district court erred by not finding failure to file a meritorious motion to suppress was prejudicial error under *Strickland*

VI. The district court erred in denying Defendant an adequate evidentiary hearing on disputed factual issues in her post-conviction petition

VII. The accumulation of errors violated the Defendant's constitutional rights under the Fifth, Sixth and Fourteenth Amendments and requires reversal of the conviction

11/22/2021 Appellant's Opening Brief. In the brief Pitrello, through counsel, alleged that her lack of legal sophistication and her inability to obtain counsel immediately after conviction should constitute cause. Opening Brief at 14-16.

      The State responded and Pitrello filed a reply brief. 2/01/2022 Respondent's Answering Brief; 2/10/2022 Reply to Respondent's Answering Brief. The Nevada Supreme Court affirmed the lower court's findings that the petition was procedurally barred. 4/29/2022 Order of Affirmance. Remittitur issued May 24, 2022. 5/24/2022 Remittitur.

## C. Federal Court Proceedings

On or about May 25, 2022, Pitrello mailed an application to proceed in forma pauperis, a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a person in state custody, and an ex parte motion to appoint counsel. ECF Nos. 1, 1-1, 1-2.

In her pro se petition, Pitrello set forth the following grounds, which all appear to allege various theories of ineffective assistance of counsel:

> Ground 1: Ineffective assistance of counsel because counsel failed to investigate; failed to pursue defenses to show "lack of intent based on mens rea and intoxication"; failed to adequately prepare defendant pre-plea and coerced Pitrello to enter a plea; failed to file any motion to suppress her statements; failed to hire an experts; failed to interview witnesses
>
> Ground 2: due process violations based on defense counsel's lack of investigation
>
> Ground 3: Fourteenth amendment violation because trial counsel was not prepared to go to trial and coerced Pitrello to take the State's deal, thereby failing to act as a zealous advocate for Pitrello

*See* ECF No. 1-1 at 7; see also ECF No. 7 at 3-7.

On July 29, 2022, this Court appointed the Federal Public Defender of Nevada to represent Pitrello. ECF No. 6 at 2. On August 31, 2022, the undersigned attorney filed her notice of appearance. ECF No. 10. This amended petition follows.

GROUNDS FOR RELIEF

**Ground One: Pitrello was denied her right to the effective assistance of trial counsel under the Fifth, Sixth, and Fourteenth Amendments based on counsel's failure to file a motion to suppress inculpatory statements of she made to police.**

<u>Statement regarding exhaustion</u>:

Ms. Pitrello raised this claim during her state post-conviction proceedings. The Nevada courts found the claim to be procedurally defaulted.

<u>Statement in support of claim</u>:

Pitrello was arrested at the Stratosphere Hotel after a night of excessive alcohol consumption. 9/14/2013 Arrest Report (filed in Las Vegas Justice Court). At the time of the interrogation, police were aware that she was heavily intoxicated.[4] During the course of the custodial interrogation, Pitrello told police that Doppert had raped her a week previously and had physically attacked her that evening before she admitted to killing him out of fear of him attacking her again or attacking her friend Stevie Lynn Bast who was with her that evening. *See id.* at 8-9, 11, 14-15. At the beginning of the interrogation, Pitrello was in handcuffs. *See* 11/22/2021 Appellant's Appendix Volume I at 1 (surreptitiously recorded statement of Mary Pitrello from September 12, 2013). After searching Pitrello and offering her water, the interviewing officer attempted to advise Pitrello of her *Miranda* rights and obtain a waiver.

> Q: Okay. Mary, since you're in here and you're under arrest I'm gonna read you your rights, okay?
>
> A: Shouldn't you have done that before hand?

---

[4] That night police also spoke with Barry Mason, a bartender at the Stratosphere, and Stevie Lynn Bast, a friend of Pitrello's who had been at the apartment complex with her that evening drinking and who had witnessed the shooting. Both witnesses told police Pitrello was or appeared heavily intoxicated and Bast told police Mary had been smoking marijuana. *See* Surreptitiously Recorded Statement of Stevie Lynn Bast at 61, 63-64; *see also* 9/12/2013 Voluntary Statement of Barry Mason at 2, 5-7.

10

> Q: You have the right to remain silent. Anything you say can be used against you in a court of law. You have the right to the presence of an attorney during questioning. If you cannot afford any attorney one will be appointed before questioning. Do you understand your rights?
>
> A: Ah, I . . .
>
> Q: Is that a yes?
>
> A: I understand them.

*Id*. at 8. This waiver was invalid and Pitrello's subsequent statements to police were not voluntarily made.

"A defendant's challenge to the admission of statements made during a custodial interrogation presents two separate questions: whether [s]her received and validly waived h[er] *Miranda* rights, and whether h[er] statements themselves were voluntary." *Missouri v. Seibert*, 542 U.S. 600 (2004). A defendant can waive her *Miranda* rights as long as the waiver is "the product of a free and deliberate choice rather than intimidation, coercion, or deception" and is made knowingly and intelligently, "with full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Miranda v. Arizona*, 384 U.S. 436 (1966); *Moran v. Burbine*, 475 U.S. 412 (1986). Moreover, a court must determine whether, under the totality of the circumstances, the accused's statements were voluntary. *Mincey v. Arizona*, 437 U.S. 385 (1978).

Trial counsel for Pitrello failed to file a motion to suppress her statements to police despite her inebriated state during her time in custody with police. This was objectively unreasonable and fell below prevailing norms of professional conduct. But for counsel's failure to file this motion, there is a reasonable probability that the outcome of the underlying criminal proceedings would have been different.

Pitrello's constitutional rights were violated. Any contrary decision by a state court would be contrary to, or an unreasonable application of, clearly established

11

federal law, and/or would involve an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1) and (2).

Accordingly, the writ should be granted, Pitrello's conviction should be vacated and she should be afforded a new trial.

**Ground Two: Pitrello was denied her right to the effective assistance of trial counsel under the Fifth, Sixth, and Fourteenth Amendments based on counsel's failure to investigate possible defenses before having Pitrello plead guilty but mentally ill.**

<u>Statement regarding exhaustion</u>:

Subclaims A and B were presented during state post-conviction proceedings. 5/19/2021 Petition at 5-7; 11/22/2021 Opening Brief. The Nevada Supreme Court did not address the merits of the claim and instead found that the petition was procedurally defaulted.

Subclaims C and D were not presented during state post-conviction proceedings but are technically exhausted.

<u>Statement in support of claim</u>:

The Sixth Amendment guarantees an accused the right to counsel not only at his trial but also at any "critical stage" in the proceedings." *See generally Glover v. United States*, 531 U.S. 198, 203 (2001). A defendant has a Sixth Amendment right to effective assistance of counsel when deciding whether to accept a plea bargain.

Upon information and belief, trial counsel conducted a mitigation investigation in this case into Pitrello's mental health history and experiences of childhood sexual abuse and childhood neglect. However, trial counsel did not conduct an investigation or hire experts to evaluate possible defenses of voluntary intoxication, self defense, voluntary manslaughter or that this was an accidental shooting before urging Pitrello to enter a guilty but mentally ill plea to second-degree murder. Therefore, upon information and belief, trial counsel did not advise her of all possible defenses she could have presented at trial and made her believe her only option was to plead guilty.

12

But for this failure to appropriately advise Pitrello of possible defenses, she would have foregone a plea and proceeded to trial.

### A. Voluntary Intoxication

NRS 193.200 provides the circumstances when a jury can consider a voluntary intoxication defense:

> No acted committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his or her condition, but whenever the actual existence of any particular purpose, motive or intent is a necessary element to constitute a particular species or degree of crime, the fact of the person's intoxication may be taken into consideration in determining the purpose, motive or intent.

As set forth in Ground One, there was evidence that Pitrello was drunk at the time of the shooting and that her inebriated state would have impacted her ability to form the requisite mens rea for murder. Upon information and belief, counsel did not look into whether there was a possible defense of voluntary intoxication and did not advise Pitrello of this defense before advising her to plead guilty. This was objectively unreasonable. Had she been advised of this possible defense, Pitrello would have foregone the plea offer and proceeded to trial.

### B. Self Defense

During Pitrello's interrogation, she told police that Doppert had physically assaulted her that evening in addition to having sexually assaulted her a week prior, and that she was acting out of fear that he would attack her again or her friend Stevie that evening. Upon information and belief, counsel did not advise Pitrello of this theory of self defense after a review and independent investigation of the case. Had counsel advised her of this defense, she would not have entered a plea and would have insisted on going to trial.

In Nevada, "[j]ustifiable homicide is the killing of a human being in necessary self-defense. NRS 200.120. Homicide is also justified when a person reasonably believes that she is about to be seriously injured or killed and "there is imminent danger of such design being accomplished." NRS 200.160(1). Finally, if a person kills another in self-defense it must appear that the danger was so urgent and pressing that, in order to save her own life, or to prevent her receiving great bodily harm, the killing of the other was absolutely necessary. NRS 200.200(1). The Nevada Supreme Court has held that self-defense in Nevada may include "instances where a person reasonably believes that [s]he is about to be seriously injured or killed but [s]he is mistaken in that belief." *Runion v. State*, 116 Nev. 1041, 1046, 13 P.3d 52, 56 (Nev. 2000). Finally, NRS 200.120(2) states, "A person is not required to retreat before using deadly force [in self-defense] if the person: (a) Is not the original aggressor; (b) Has a right to be present at the location where deadly force is used; and (c) Is not actively engaged in conduct in furtherance of criminal activity at the time deadly force is used."

Because of Pitrello's history of being the victim of sexual abuse and the recent sexual assault by Doppert, she was fearful that Doppert would physically or sexually assault her again before she had the opportunity to move out the next day. Doppert had taken not only her keys but her phone and wallet as well. While Pitrello's belief that Doppert would physically harm her or her friend may have been mistaken in the cold light of day, based upon her prior interactions with Doppert she believed he would sexually assault her again before she was able to physically move out of that apartment. It was objectively unreasonable for counsel not to investigate and advise Pitrello of this trial defense before leading her to plead guilty. Had he advised her appropriately, she would have foregone chosen to go to trial.

### C. Voluntary Manslaughter

Before advising Pitrello to plead guilty, counsel failed to investigate a defense of voluntary manslaughter, which was objectively unreasonable.

In Nevada, voluntary manslaughter involves "a serious and highly provoking injury inflicted upon the person killing, sufficient to excite an irresistible passion in a reasonable person, or an attempt by the person killed to commit a serious personal injury on the person killing." NRS 200.050(1). Moreover, the killing must result from a sudden, violent, irresistible passion that was "caused by a provocation apparently sufficient to make the passion irresistible." NRS 200.040(2). Here, Doppert's physical assault of Pitrello and subsequent refusal to give her wallet, phone, or keys back to her caused her to fear that Doppert would sexually assault her again.

But for counsel's failure to investigate and present this as a possible defense if Pitrello were to go to trial, Pitrello would not have entered the plea and would have insisted on going to trial.

### D. Accidental Discharge

Upon information and belief, had counsel investigated the nature of the actual shotgun used in the shooting and the crime scene he would have uncovered a defense that this was an accidental shooting. Pitrello's aunt, Gina Pitrello, retained an investigator in 2018, Glen Meek, to review the Clark County Public Defender's investigation of this case and conduct any additional investigation. Meek determined that Pitrello fired from her own room and that the type of trigger on the shotgun would have required half the pounds per square inch to fire.

During Pitrello's interview with police, she informed officers that she did not intend to shoot Doppert but had armed herself with the shotgun while in her drunken state because she was in fear for her life after Doppert had raped her previously and had done attacked that evening. Appellant's Appendix at 28, 61. Police corroborated the sexual assault after speaking with a variety of people whom Pitrello had reported

15

the assault to the previous week and that she intended to move out of the apartment the following day and move in with her friend Ricky.

Upon information and belief, trial counsel never looked into this possible defense or hired a ballistics expert to evaluate whether this gun had a hairline trigger. This was objectively unreasonable. But for counsel's failure to investigate this as a possible defense and advise Pitrello of this as a possible trial defense, Pitrello would not have entered a guilty plea and would have proceeded to trial.

Pitrello's constitutional rights were violated. Any contrary decision by a state court would be contrary to, or an unreasonable application of, clearly established federal law, and/or would involve an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1) and (2). Accordingly, the writ should be granted, Pitrello's conviction should be vacated and she should be afforded a new trial.

**Ground Three: Pitrello's plea was involuntary, unknowing and unintelligent because of the medication she was taking at the time she entered the plea and counsel's threats in violation of her Fifth, Sixth, and Fourteenth Amendment rights.**

Statement of exhaustion:

The general claim that Pitrello's plea was involuntary, unknowing and unintelligent was raised during state post-conviction proceedings. 5/21/2019 Petition at 13-14; 11/22/2021 Opening Brief at 31-2. The Nevada Supreme Court did not address the merits of the claim and instead found that the petition was procedurally defaulted.

Statement in support of claim:

A defendant cannot enter a knowing, voluntary, and intelligent plea unless she freely elects to enter that plea with full understanding of the nature of the offenses and the consequences of the plea.

In this case, Pitrello did not voluntarily enter the plea because, upon information and belief, after she declined the State's offer twice in December 2015

16

and January 2016, Kane along with another female[5] visited Pitrello at Clark County Detention Center and threatened her to plead guilty by refusing to take "no" for an answer until Pitrello finally agreed to enter a guilty plea.

Upon information and belief, Pitrello was also on medication at that time, specifically gabapentin and Depakote—the latter of which is an anti-psychotic—which caused her to black out at times. Counsel knew that Pitrello had begun taking medication around the time the State conveyed this offer in December 2015 and, based upon counsel's statements to the court, was aware that this medication could affect Pitrello's ability to enter a valid plea.

Regardless, Pitrello then entered a plea of guilty but mentally ill on January 26, 2016. 1/26/2016 District Court Minutes; 1/26/2016 Tr. However, this plea was involuntary, unknowing and unintelligent due to her mental state at that time and the coercion of counsel.

Pitrello's constitutional rights were violated. Any contrary decision by a state court would be contrary to, or an unreasonable application of, clearly established federal law, and/or would involve an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1) and (2). Accordingly, the writ should be granted, Pitrello's conviction should be vacated and she should be afforded a new trial.

---

[5] It is unclear to Pitrello if this was co-counsel Christy Craig or mitigation specialist Emily Reeder (or someone else entirely).

## PRAYER FOR RELIEF

Accordingly, Mary Pitrello respectfully requests that this Court:

1. Issue a writ of habeas corpus to have Mary Pitrello brought before the Court so that she may be discharged from her unconstitutional confinement;

2. Conduct an evidentiary hearing at which proof may be offered concerning the allegations in this amended petition and any defenses that may be raised by respondents; and

3. Grant such other and further relief as, in the interests of justice, may be appropriate.

Dated February 15, 2024.

Respectfully submitted,

Rene L. Valladares
Federal Public Defender

*/s/ Alicia R. Intriago*
Alicia R. Intriago
Assistant Federal Public Defender

### DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury under the laws of the United States of America and the State of Nevada that the facts alleged in this petition are true and correct to the best of counsel's knowledge, information, and belief.

Dated February 15, 2024.

        Respectfully submitted,

        Rene L. Valladares
        Federal Public Defender

        */s/ Alicia R. Intriago*
        Alicia R. Intriago
        Assistant Federal Public Defender